United States v. Deen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fifteen.**

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge.**

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee*,

v.                                                                13-4320

RAZIA SHAMSID DEEN, AKA Razia Deen,

> *Defendant-Appellant*.

---

FOR PLAINTIFF-APPELLEE:           Varuni Nelson and Margaret M. Kolbe, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

\* Judge John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:                    Razia Shamsiddeen, Fresh Meadows, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Razia Shamsiddeen,[1] proceeding *pro se*, appeals from an order of the district court granting the government's motion for garnishment. Shamsiddeen challenges the garnishment order, obtained to satisfy a default judgment entered against Shamsiddeen for unpaid student loans, solely on the ground that the government has failed to prove that she defaulted on the loans. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under the Fair Debt Collection Practices Act ("FDCPA"), a court may "issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest . . . in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Upon receiving notice of the writ, the debtor may request a hearing to dispute its merits, at which she must "state the grounds for the objection and bear the burden of proving such grounds." Id. § 3205(c)(5). Issues to be raised at the hearing are limited to: (1) "the probable validity of any claim of exemption by the judgment debtor," (2) the garnishor's compliance with any statutory requirement for the issuance of the writ, and (3) "if the judgment is by default . . . (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting

---

[1] We adopt the appellant's preferred spelling of her surname.

2

aside such judgment." Id. § 3202(d); see also United States v. Greenberg, No. MISC. 1:06 MC 55, 2006 WL 3791373, at *1 (D. Vt. Dec. 22, 2006). Shamsiddeen's appeal implicates only the "probable validity of the [government's] claim for the debt" under § 3202(d)(3)(A).

Even assuming that § 3202(d)(3)(A) allows Shamsiddeen to challenge the merits of the default judgment holding her liable for her student loans, Shamsiddeen has not carried her burden of disproving the probable validity of that debt. While Shamsiddeen insists that she paid off her student loans in full, the only evidence supporting that claim consists of her professed memory of making a final payment in April 1989, as well as a number of banking documents that were not presented to the district court and thus are not part of the record on appeal. These documents show two small money orders paid to the bank at which Shamsiddeen maintained accounts, and which made the loans at issue, in 1981 and 1982 and a substantial withdrawal from Shamsiddeen's savings account in April 1989. Even were we to consider these documents on appeal – which we cannot do – they contain no evidence that Shamsiddeen paid any of that money toward her student loans, much less that she paid off the debt in full. In light of this meager evidence, we cannot fault the district court's decision to credit the bank records proffered by the government, which the district court found established the debt "beyond a preponderance of the evidence" by "clear and convincing" evidence, over Shamsiddeen's unsupported, self-serving testimony, particularly considering the court's reasonable finding that Shamsiddeen had "been trying to avoid paying the debt" and "trying to avoid service" of process in the action resulting in the default judgment.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3